IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT, | Civil No. 19-00670 HG-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE |
| vs. | THE COMPLAINT AND DENY PLAINTIFF'S APPLICATION TO |
| UNIVERSAL MUSIC GROUP; ISLAND DEF JAM GROUP; ESTATE OF SHAKIR STEWART; and RICK ROSS, | PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS
WITHOUT PREJUDICE THE COMPLAINT AND DENY
PLAINTIFF'S APPLICATION TO PROCEED IN
DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On December 16, 2019, Plaintiff Ronald Satish Emrit ("Plaintiff"), proceeding pro se, filed a Complaint against Defendants Universal Music Group, Island Def Jam Group, Estate of Shakir Stewart, and Rick Ross (collectively, "Defendants"). ECF No. 1.  That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  ECF No. 2.  The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the Complaint for the reasons set forth below.  The Court also

RECOMMENDS that the district court DENY Plaintiff's IFP Application.

## DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing pro se, the Court liberally construes his Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Complaint asserts copyright infringement and state law tort claims against Defendants based on Defendants' alleged use of Plaintiff's musical work. *See* ECF No. 1 at 6 ¶ 17. Paragraph 17 of the Complaint summarizes the factual allegations upon which Plaintiff's claims are based:

> At some point in time during the month of July, 2019, the plaintiff (i.e. Ronald Satish Emrit) had been informed by his brother-in-law (i.e. Michael Leahy of Hagerstown, Maryland) that the recording artist Rick Ross had been using the same background beat in his

> song "Billionaire" (off of his "Skrilla" album) as the plaintiff uses in his song "Dilemma" off of the plaintiff's album "Welcome to Atlantis" distributed by Ditto Music of United Kingdom and previously distributed by Tunecore of Brooklyn, New York.

*Id.*

Pursuant to 28 U.S.C. § 1391, a civil action may be filed in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1)-(2). If there is no district in which an action may otherwise be brought, an action can be filed in any judicial district in which any defendant is subject to personal jurisdiction. *See id.* § 1391(b)(3). Even liberally construing Plaintiff's Complaint, the Court is unable to discern where Plaintiff contends Defendants reside for purposes of determining the propriety of venue in this district.

The Complaint alleges that Plaintiff is a resident of Florida. *Id.* at 3 ¶ 6. The Complaint does not allege what type of entity Defendants Universal Music Group ("Defendant Universal") and Defendant Island Def Jam Group ("Defendant Island") are, *e.g.*, corporations, limited liability companies, partnerships, etc. Rather, the Complaint merely alleges their respective mailing addresses. The Complaint alleges that the mailing address for Defendant Universal is in California. *Id.* at 4 ¶ 7. The Complaint alleges that the mailing address for

3

Defendant Island, a subsidiary of Defendant Universal, is in New York.  *Id.* ¶ 8.

The Complaint alleges that Shakir Stewart was an agent of Defendant Island who had signed Defendant Rick Ross.  *Id.* ¶ 9.  The Complaint alleges that Mr. Stewart passed away years ago, but does not state where Mr. Stewart passed away.  Nor does the Complaint provide any other information indicating where Defendant Estate of Shakir Stewart is considered a resident.  The Complaint also alleges that Defendant Rick Ross ("Defendant Ross") "is a former correctional facility officer apparently from Albany, Georgia (although plaintiff can not currently substantiate that claim at this time)."  *Id.* at 5 ¶ 10.  The Complaint does not allege where Defendant Ross currently resides.

In addition, the Complaint asserts no allegations indicating where a substantial part of the events giving rise to Plaintiff's claims occurred, much less that such events took place in Hawaii.  Nor does the Complaint contain allegations indicating that Defendants may be subject to personal jurisdiction in Hawaii.

Moreover, the Court notes that the Complaint acknowledges that "the court does not already have personal or subject matter jurisdiction over this issue . . . ."  ECF No. 1 at 5 ¶ 12.  The Court also notes that the Complaint states:  "[P]laintiff is

4

filing this lawsuit in the U.S. District Court of Massachusetts because of the fact that the plaintiff was born in Boston, Massachusetts . . . ." ECF No. 1 at 2 ¶ 1. This statement indicates to the Court that Plaintiff may not have intended to file his action in this district. Accordingly, the Court finds that the United States District Court for the District of Hawaii is not the proper venue for Plaintiff's Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Based on the information in Plaintiff's Complaint, it does not appear that Plaintiff would be time-barred from refiling this action in another venue. Thus, in these circumstances, the Court finds that it is not in the interest of justice to transfer this action. Accordingly, the Court recommends that the district court dismiss the Complaint without prejudice for want of venue. Plaintiff may pursue his claims in the proper court.

In light of the Court's finding that venue is not proper in this district, the Court recommends that the district court deny Plaintiff's IFP Application.

CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the Complaint and DENY Plaintiff's IFP Application (ECF No. 2).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 18, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Emrit v. Universal Music Grp., et al.*, Civil No. 19-00670 HG-KJM; Findings and Recommendation to Dismiss Without Prejudice the Complaint and Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

6